[Cite as *Rutana v. Koulinos*, 2020-Ohio-6848.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

IRENE RUTANA,

Plaintiff-Appellant,

v.

CHARLES KOULIANOS, SR. ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 19 MA 0087 & 19 MA 0120**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2018 CV 02689

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Charles Dunlap*, 7330 Market Street, Youngstown, Ohio 44512, for Plaintiff-Appellant, and

*Atty. Bryan Ridder*, 535 North Broad Street, Suite 4, Canfield, Ohio 44406, for Defendants-Appellees.

Dated:
December 23, 2020

**Donofrio, J.**

{¶1}    Plaintiff-appellant Irene Rutana appeals from a Mahoning County Common Pleas Court judgment granting summary judgment in favor of defendant-appellee, Richard Fiorini on appellant's claim to quiet title to her home and on appellee's counterclaim to foreclose his mortgage on appellant's home.  This Court consolidated two appeals after the trial court issued a judgment entry that caused confusion which resulted in two additional judgment entries and led to appellant filing two different appeals.

{¶2}    The parties filed a stipulation of undisputed facts in the trial court which indicates that appellant's husband, John, was in an oral partnership with appellee and Charles Koulianos (Koulianos).  In 1983 and 1984, the partnership borrowed $450,000.00 from the Dollar Savings & Trust Company (DST).  Each of the partners and their wives, including John and appellant, signed documents individually guaranteeing the monies borrowed and indicating that each partner was jointly and severally liable for the borrowed money.

{¶3}    On December 9, 1987, appellant and John signed an Indemnifying Mortgage to Koulianos and appellee which was recorded on December 10, 1987.  The language in the mortgage states:

> The condition of this deed is such, that whereas the said __(blank)__
> has executed and delivered to the said Dollar Savings and Trust Co., of Youngstown, Ohio, their first mortgage Revenue Note in the amount of $300,000.00 and the purpose of this mortgage is to secure and protect mortgagees, Richard Fiorini, Charles Koulianos, Sr. to contribute in the event of a default and a payment to Dollar Savings & Trust Co., under the Revenue Note.

The mortgage was recorded on December 10, 1987.

{¶4}    On November 15, 1989, DST brought suit for default on the debt and obtained a judgment on July 25, 1990 for $410,202.35.  DST collected its judgment from appellee for $400,000.00.

{¶5}    Appellee sued John on July 3, 1997 for contribution on the debt he paid. Appellee subsequently dismissed this case voluntarily without prejudice without any payment by John.  He dismissed this action after determining that John was not able to pay and knowing that he could enforce the mortgage if John was unable to pay in the future or if something occurred that would prevent full repayment by John.

{¶6}    John died on August 24, 2016.  No estate was opened on his behalf. Appellee was never paid for the DST judgment.

{¶7}    On November 2, 2018, appellant filed a complaint to quiet title on the real estate that was subject to the Indemnifying Mortgage. She indicated that John had died and that Koulianos and appellee had a claim against John for a debt owed.  She asserted that as of the date of her complaint, neither had presented a claim against John and by operation of law, their claims were now barred.  She requested that the court declare the liens on the property void and strike them from her property to quiet title in her name.

{¶8}    Appellee refiled and re-recorded the mortgage on November 28, 2018.  He thereafter answered the complaint and, among other filings, asserted a counterclaim in foreclosure against appellant.  He also filed a cross-claim against Koulianos that was later resolved and dismissed.

{¶9}    Appellee and appellant entered into stipulations of fact for the trial court before filing motions for summary judgment. Appellee filed a motion for summary judgment for foreclosure, asserting that there were no genuine issues of material fact in this case and he was entitled to judgment as a matter of law.  He submitted that: (1) John and appellant executed the indemnifying mortgage to him; (2) John made no payments on the debt underlying the mortgage; (3) John died and no estate was opened or would be opened; (4) John made no payments due under the mortgage and no payments would be forthcoming; (5) the obligation remained open and owing; (6) Appellee made a demand for payment and the amount owed with interest was $427,407.86.   Appellee further asserted that the conditions of the Indemnifying Mortgage had been broken and he was entitled to have the interest, equity of redemption, and/or dower of appellant, foreclosed.

Case Nos. 19 MA 0087 & 19 MA 0120

{¶10}   On May 7, 2019, appellant filed an amended summary judgment motion, asserting that the statute of limitations lapsed on the contribution claim between John and appellee and the foreclosure action was therefore a nullity because there was no debt between them.

{¶11}   On July 12, 2019, a judgment entry was issued with the trial court judge's name in the caption.  The court granted appellee's motion for summary judgment and denied appellant's amended motion for summary judgment to quiet title.  While the caption of the judgment entry contained the judge's name, the last page of the entry contained a signature line labeled "MAGISTRATE" and had the magistrate's electronic signature on the line.

{¶12}   On July 17, 2019, appellant filed a motion to stay and a request for findings of fact and conclusions of law pursuant to Civ.R. 52. Appellee opposed the motion to stay.

{¶13}   Appellant filed a notice of appeal in this Court on August 7, 2019 under Case Number 19 MA 0087.

{¶14}   On August 22, 2019, the trial court issued a Decree in Foreclosure based on the Order granting summary judgment to appellee.  The court ordered that appellant's equity of redemption and dower be foreclosed if appellant failed to pay the judgment of $427,407.86 plus legal interest from that date within 3 days of the Decree.

{¶15}   On August 26, 2019, appellant filed a motion in this Court requesting remand to the trial court to hear her pending motions for a stay of the judgment and for findings of fact and conclusions of law as to the calculation of the damages.

{¶16}   On September 10, 2019, the trial court issued an Order of Sale to the Sheriff.

{¶17}   On September 26, 2019, we held appellant's appeal in abeyance pursuant to App.R.4(B)(2) and remanded the case to the trial court for findings of fact and conclusions of law.

{¶18}   On October 1, 2019, appellant filed a motion for leave to file objections to the July 12, 2019 Judgment Entry.  She also filed a motion to vacate the August 22, 2019 Decree in Foreclosure.

{¶19}   On October 17, 2019, the trial court issued a Judgment Entry/Nunc Pro Tunc based upon our remand.  The court clarified that a clerical error occurred in the July

12, 2019 Judgment Entry and the entry was actually signed by the judge but accidentally included the magistrate signature line and electronic signature. The court therefore held that a valid judgment entry was filed, not a magistrate's decision, Civ. R. 52 did not apply, and all of appellant's motions were moot.

{¶20} On October 23, 2019, appellant filed a second appeal to this Court, assigned Case Number 19 MA 120, which challenged the Nunc Pro Tunc Judgment Entry.

{¶21} On October 30, 2019, we issued a judgment entry in Case Number 19 MA 87 acknowledging the trial court's nunc pro tunc judgment entry and indicating that based upon its clarification, the July 12, 2019 Judgment Entry was a final judgment and thus had disposed of the Civ. R. 52 motion. We indicated that our September 26, 2019 Entry was corrected to indicate that the trial court's July 12, 2019 Judgment Entry was properly labeled as such and was signed by the trial judge. We noted that the appeal in Case Number 19 MA 87 therefore continued.

{¶22} On November 7, 2019, we issued a judgment entry consolidating both of appellant's appeals. Appellant was also granted a stay of execution concerning all three judgments issued by the trial court.

{¶23} In her appeal, appellant raises two assignments of error. Appellant's first assignment of error states:

> THE COURT AND THE MAGISTRATE ERRED BY NOT COMPLYING WITH CIVIL RULE 52 AND CIVIL RULE 53.

{¶24} Appellant contends that it was the magistrate and not the court who ruled on the motions for summary judgment and the magistrate misnamed the document as it should have been labeled either a magistrate's decision or a magistrate's order. She asserts that the docket showed that the magistrate was the "event judge" for the hearing on the summary judgment motions and the docket does not reflect that the motions were taken from the magistrate and returned to the court for decision. Appellant contends that Civ. R. 53 was circumvented because no party was notified that the court had taken back the case and objections were thus not able to be filed.

{¶25} Civ.R.60(A) provides the following:

Case Nos. 19 MA 0087 & 19 MA 0120

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Civ.R.60(A). This Rule codifies the common law power of courts to enter nunc pro tunc orders. *Karnes v. Karnes,* 8th Dist. Cuyahoga No. 94521, 2010–Ohio–4016, citing *Norris v. Ohio Dept. of Rehab. and Corr.,* 10th Dist. Franklin No. 05AP–762, 2006–Ohio–1750. The purpose of a nunc pro tunc entry is to have the judgment of the court reflect its true action. *McKay v. McKay,* 24 Ohio App.3d 74, 493 N.E.2d 317 (11th Dist.1985). "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 1996-Ohio-40, 67 N.E.2d 236. "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *Id.; see also Jacks v. Adamso*n, 56 Ohio St. 397, 47 N.E. 48 (1897).

{¶26} "The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of 'blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner." *Kuehn v. Kuehn*, 55 Ohio App.3d 245, 247, 564 N.E.2d 97 (12th Dist.1988) (citation omitted). Nunc pro tunc entries generally relate back to the date of the original entry and do not extend the time for filing an appeal. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011–Ohio–229, ¶ 15, 943 N.E.2d 1010, citing *State v. Yeaples*, 180 Ohio App.3d 720, 2009–Ohio–184, ¶ 15, 907 N.E.2d 333 (3d Dist.).

{¶27} In the instant case, the trial court's nunc pro tunc judgment entry does not modify any part of the original judgment entry. It merely explains that it was the trial court and not the magistrate who issued the original judgment entry. When we consolidated appellant's appeals, we acknowledged and accepted this explanation and corrected our

Case Nos. 19 MA 0087 & 19 MA 0120

September 26, 2019 Entry to reflect that the trial court's original entry was properly signed by the trial court and labeled as a judgment entry. We held that Civ.R.52 findings of fact and conclusions of law therefore did not apply.

**{¶28}** Even if the trial court had referred the summary judgment motions to the magistrate and then decided to issue the opinion on the motions itself, the trial court had the authority to do so. We have previously held that Civ. R. 53 "does not require a trial court judge to wait until a magistrate's decision is issued before ruling on a matter, even when the matter is referred to the magistrate." *City of Youngstown v. Washington*, 7th Dist. Mahoning No. 17 MA 0073, 2018-Ohio-1283, ¶ 14, citing *Walter v. Liu*, 193 Ohio App.3d 185, 2011-Ohio-933, 951 N.E.2d 457 (8th Dist.) ¶ 19–22; *see also TD Reo Fund, LLC. V. Citadel Analytics Grp., LLC.*, 7th Dist. Mahoning No. 18 MA 0072, 2019-Ohio-939, fn. 1, quoting *Capital One Bank v. Toney*, 7th Dist. Jefferson No. 06 JE 28, 2007-Ohio-1571, ¶ 22 ("Where a case has been referred to a magistrate, "there is no inherent problem with a judge subsequently ruling on the purely legal matter of the summary judgment motion instead of leaving it for the magistrate.").

**{¶29}** It follows that appellant's additional assertion of trial court error in failing to follow Civ.R.53 is also without merit. Civ.R.53 provides for the appointment of magistrates, the scope of their authority, and the right to file objections to magistrates' decisions. Since it was the trial court that issued the original judgment entry, objections do not apply to that decision.

**{¶30}** Accordingly, appellant's first assignment of error lacks merit and is overruled.

**{¶31}** In her second assignment of error, appellant asserts:

> THE COURT AND THE MAGISTRATE ERRED BY GRANTING DEFENDANT-APPELLEE, FIORINI, SUMMARY JUDGMENT AND DENYING PLANIITFF'S MOTION FOR SUMMARY JUDGMENT.
>
> a. The court and magistrate applied the wrong statute of limitations.
>
> b. The court and magistrate miscalculated the amounts of damages.
>
> c. The court and magistrate erred allowing parol evidence to

contradict a written statement.

d. The court and magistrate erred in ruling that the re-filing of the mortgage on November 28, 2018, extended the statute of limitations.

e. The court and magistrate used the wrong date for the commencing of the statute of limitations.

**{¶32}** An appellate court reviews a summary judgment ruling *de novo*. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

**{¶33}** A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist. Summit No. 27799, 2015-Ohio-4167, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**{¶34}** If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

**{¶35}** In this case, the trial court set forth the elements of a foreclosure action under Ohio law, which are: (1) the foreclosing party is the holder of the mortgage, or is a party entitled to endorse the mortgage; (2) the mortgagor is in default; (3) all conditions precedent have been met; and (4) the amount of principal and interest due. U*.S. Bank,*

*N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721. The trial court also relied upon the stipulations of the parties and the facts in appellee's affidavit after it found that appellant did not refute or contradict them in any way. Thus, the trial court found it undisputed that: (1) appellant and John executed the mortgage; (2) appellee is the holder and owner of that mortgage; (3) John did not make any payments to appellee under the mortgage; (4) John died on August 25, 2016 and no estate was opened; (5) it was unlikely that appellee would be paid because John had died and no estate for John was opened; (6) the mortgage conditions and obligations were unpaid and not satisfied and appellee demanded payment; and (7) as of May 1, 2019, the amount owed with interest was $427,407.86. The court further accepted appellee's affidavit statements that he and John agreed when they prepared the mortgage that no date of maturity would be stated therein as it would mature only upon appellee's demand and the purpose of not having the maturity date was to allow John the time and ability to repay appellee without a foreclosure. The trial court also relied upon appellee's statement that he and John agreed that if full payment was not made or unable to be made, appellee could demand payment under the security of the mortgage.

**{¶36}** We first address appellant's challenge to the trial court's reliance upon appellee's affidavit. In subissue 2(c), appellant contends that although she signed the mortgage deed, she was not a party to the conversation allegedly had between John and appellee as appellee described in his affidavit about contribution in the event of a default. She submits that the trial court thus erred by relying upon appellee's affidavit attestation that he and John agreed there would be no maturity date in the mortgage because they intended that the mortgage would mature only if appellee demanded. Appellant asserts that the mortgage deed contains the terms agreed to by the partners concerning the contribution if a default occurred and to allow the oral conversation in would contradict the terms of the mortgage, the parol evidence rule, and the concurrent remedies discussed in *Deutsche Bank National Trust Co. v. Holden,* 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243.

**{¶37}** Appellant did not object to or otherwise refute or provide contrary evidence to appellee's affidavit in her response to his motion for summary judgment. We have held that "the decision to consider unobjected to evidence submitted in support of summary

judgment is a discretionary one." *Bank of Am., N.A. v. Staples*, 7th Dist. Mahoning No. 14 MA 109, 2015-Ohio-2094, ¶ 22, citing *State ex rel. Gilmour Realty, Inc. v. Mayfield Heights*, 122 Ohio St.3d 260, 2009-Ohio-2871, 910 N.E.2d 455 ¶ 17; *State ex rel. Spencer v. East Liverpool Planning Comm.*, 80 Ohio St.3d 297, 301, 685 N.E.2d 1251 (1997); *Reed v. Davis*, 10th Dist. Franklin No. 13AP–15, 2013–Ohio–3742, ¶ 14–15, 995 N.E.2d 1240. If a non-movant on summary judgment has issues "with whether a trial court should rely on statements contained in affidavits submitted by the movant, the non-movant must enter a timely objection to the evidence." *Staples* at ¶ 38 (citations omitted, citing e.g., *Discover Bank v. Damico,* 11th Dist. Lake No.2011–L–108, 2012–Ohio–3022, ¶ 14–15 (trial court does not err in considering movant's affidavit which provided amount due without attaching account documents in support where non-movant failed to file motion to strike affidavit); *Citimortgage v. Elia*, 9th Dist. Summit No. 25482, 2011–Ohio–2499, ¶ 8–10 (court would only consider arguments that were presented to trial court as objections to affidavit and would not consider argument that trial court erred in considering affidavit that failed to incorporate all referenced documents); *Nationwide Mut. Fire Ins. Co. v. Wittekind*, 134 Ohio App.3d 285, 289, 730 N.E.2d 1054 (4th Dist.1999) (failure to object to affidavit on grounds that contents were not based upon personal knowledge permits trial court to consider affidavit in support of summary judgment and waives issue on appeal). Accordingly, we find that the trial court properly relied upon appellee's affidavit.

**{¶38}** In subissues 2(a), 2(d), and 2(e), appellant challenges the statute of limitations as to appellee's foreclosure action. She first contends that the statute of limitations began to run when appellee paid the debt to DST on February 14, 1991. She asserts that the three-year statute of limitations in R.C. 1303.16(G) applies and expired on February 14, 1994. She cites to *Cyphers v. Balzer*, 2d Dist. Montgomery No. 22182, 2007-Ohio-6133 and *Johnston v. Thomas*, 275 F.Supp. 32 (S.D.Ohio 1967) and asserts that appellee therefore had until February 14, 1994, three years from the date of payment of the debt, to file his foreclosure claim because the underlying debt secured by the mortgage was based upon the contribution between John and appellee.

**{¶39}** We hold that R.C. 1303.16(G), *Cyphers* and *Johnston* do not apply to the instant case. R.C. 1303.16(G) applies only to negotiable instruments. *Cyphers* involved the application of R.C. 1303.16(G) to a lawsuit solely for contribution against a partner by

another partner based on a promissory note signed by all of the partners. While the underlying debt in the instant case was based upon contribution and a mortgage, it does not involve the Uniform Commercial Code and a mortgage is governed by a different statute of limitations than a negotiable instrument. *See Bank of New York Mellon v. Walker*, 8th Dist. Cuyahoga No. 104430, 2017-Ohio-535. Further, *Johnston* is a 1967 case which involved the statute of limitations regarding a cause of action only for ejectment and a mortgagor's right of redemption.

{¶40} We find that the recent cases of *Deutsche Bank National Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243 and *Bank of New York Mellon v. Walker, supra*, apply to the instant case. Both cases involve the issues of collection of a debt by a creditor and a mortgagee foreclosing on a mortgage which secures that debt. In *Holden*, 147 Ohio St.3d 85, the Ohio Supreme Court held that, "[w]e have long recognized that an action for a personal judgment on a promissory note and an action to enforce mortgage covenants are 'separate and distinct' remedies." *Id.* at ¶ 25, citing and quoting *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 533, 540, 76 N.E.2d 389 (1947) and accord *Giddings v. Barney*, 31 Ohio St. 80, 82 (1876). The Ohio Supreme Court explained:

> Based on the distinction between these causes of action—i.e., one is an action on a contract, while the other is an action to enforce a property interest created by the mortgage—we have explained that "the bar of the note or other instrument secured by mortgage does not necessarily bar an action on the mortgage." *Kerr v. Lydecker*, 51 Ohio St. 240, 253, 37 N.E. 267 (1894); accord *Bradfield* [*v. Hale*, 67 Ohio St.316], 325, 65 N.E. 1008 (holding that an action for ejectment can be maintained after the statute of limitations on the note has expired); *Simon* [*v. Union Trust*], 126 Ohio St. [346] at 350, 185 N.E. 425 ("For the purpose of subjecting the land to the payment of the mortgage debt, no personal judgment was ever necessary*").

*Holden* at ¶ 25. The *Holden* Court held that the bank could proceed on its foreclosure claim against the Holdens even though they had discharged their obligations on the promissory note for the money owed on the mortgage in bankruptcy. *Id.*

Case Nos. 19 MA 0087 & 19 MA 0120

**{¶41}** In *Walker*, 2017-Ohio-535, the Eighth District Court of Appeals applied *Holden* beyond a bankruptcy context. That court cited to the Ohio Supreme Court's holding in *Holden* that an action of a promissory note and an action on the mortgage that secures the note are separate actions and have distinct remedies to collect on a debt. *Id.* at ¶ 20. Applying *Holden*, the *Walker* Court held that the bank could still enforce obligations such as foreclosure or ejectment stemming from the mortgage against Walker even though the statute of limitations barred the bank from obtaining a judgment on the promissory note that he executed that was secured by a mortgage on the property. *Id.*

**{¶42}** Applying *Holden* and *Walker* in this case, we find that the trial court properly held that appellee's foreclosure action was an *in-rem* action to foreclose on the security of the mortgage, not to collect on a debt. Thus, appellee could bring the instant counterclaim for foreclosure regardless of whether the underlying debt was one for contribution or whether the claim on the underlying debt was time-barred. The foreclosure action is a separate and distinct action and remedy from collecting on the debt since it is an action to enforce a property interest created by the mortgage.

**{¶43}** Appellant asserts in subissues 2(a) and 2(d) that the trial court applied the wrong statute of limitations because appellee's counterclaim was based on foreclosure, which has a 15-year statute of limitations, and not ejectment, which has a 21-year statute of limitations. Appellant cites the trial court's holding that the "mortgage was good for 21 years. In the next paragraph, the writer states that the statute of limitations is 8 years." She directs us to the prior version of R.C. 2305.06 and contends that this version of the statute and *Walker*, supra, provide that the correct statute of limitations in this case is 15 years.

**{¶44}** Appellant submits that the original mortgage was filed on December 10, 1987, it expired on December 10, 2008 after 21 years, and the refiling of the mortgage did not occur until some ten years later. She cites to *Continental Western Reserve v. Island Development Corporation,* 6th Dist. Ottawa No. OT-96-035, 1997 WL 133325 (Mar. 21, 1997), where the court held that the refiling of the mortgage in that case did not extend the mortgagee's right to bring an ejectment action for an additional 21 years. Appellant asserts that appellee paid the partnership debt to DST on February 14, 1991, which ripened his cause of action against John for the debt, and he had three years to bring suit

on the debt from the contribution claim pursuant to *Cyphers*, 2007-Ohio-6133. She contends that the statute of limitations is 8 years on a specialty[1] after the condition on the mortgage is broken. Appellant contends that whether the statute of limitations is 8 years or 15 years, the refiling of the mortgage did not extend the statute.

**{¶45}** Appellant misinterprets the trial court's holding regarding appellee's refiling of the mortgage. The trial court did not hold that the statute of limitations was extended by the refiling of the mortgage. Rather, the court cited R.C. 5301.30 and held that a mortgage under Ohio law is subject to a 21-year period of expiration unless the mortgage creditor refiles the mortgage "wherein a new period of 21 years after such refiling (or if applicable, an earlier stated maturity date), becomes the new date of expiration." This correlates with the statute.

**{¶46}** R.C. 5301.30 is entitled "Expiration of mortgage lien; limitations" and provides in relevant part that:

> [t]he record of a mortgage which remains unsatisfied or unreleased of record for more than 21 years after the date of the mortgage or 21 years after the stated maturity date of the principal sum, if a stated date of maturity is provided in the mortgage, whichever is later…does not give notice to or put on inquiry any person dealing with the land described in such mortgage that such mortgage debt remains unpaid or has been extended or renewed. As to subsequent bona fide purchasers, mortgagees, and other persons dealing with such land for value, the lien of such mortgage has expired. The mortgage creditor may at any time refile in the county recorder's office the mortgage…together with an affidavit stating the amount remaining due

---

[1] The term "specialty" is used in the current version of R.C. 2305.06 and was used in the prior version of the statue which appellant argues applies .R.C. 2305.06 provides in relevant part that "an action upon a specialty or an agreement, contract, or promise in writing shall be brought within eight years after the cause thereof accrued." R.C. 2305.06. The prior version contained the identical language except that it held that the statute of limitations was 15 years. The term is not defined in either version of the statute. In 1894, the Ohio Supreme Court held that a mortgage is a "specialty" in addressing the statute of limitations on an action in foreclosure and an action on a promissory note. *Kerr v. Lydecker,* 51 Ohio St. 240, 253, 37 N.E. 267 (1894). The court held that it was "clear that a mortgage is specialty" because a mortgage used to have to be sealed and delivered and prior cases held that "whenever a man by deed obliges himself to pay money to another, it is debt by specialty." *Kerr* at 253, quoting *Marriott v. Thompson*, Willes 189.

thereon and the due date thereof, whether or not such date has been extended. Subject to the rights of bona fide purchasers, mortgagees, and other persons dealing with such land for value, who rights were acquired or vested between such expiration and refiling, such refiling is constructive notice of such mortgage only for a period of twenty-one years after such refiling, or for twenty-one years after the stated maturity of the debt, whichever is the longer period.

R.C. 5301.30 does not concern a statute of limitations, but rather the expiration of a mortgage lien and what constitutes notice to a mortgagee of an extension or renewal of that mortgage by the mortgage creditor. It also deals with the priority of the mortgage creditor as to subsequent bona fide purchasers and mortgagees if the lien is not timely extended or renewed.

{¶47} Accordingly, the trial court properly applied R.C. 5301.30 and found that appellee refiled the mortgage on November 28, 2018 with the Mahoning County Office of Records, which extended his mortgage lien for an additional 21 years. The court properly reasoned that appellee's mortgage lien had not expired on the record because he timely refiled it and this constituted notice to appellant of the mortgage.

{¶48} The trial court also properly found that the appellee's demand for maturity occurred when he filed the foreclosure counterclaim because the mortgage had no stated maturity date and appellee's unrebutted affidavit assertions that he and John agreed that maturity would be upon demand. As the trial court further found, even if the conversation between John and appellee was not considered, Ohio courts have held that the mortgage is enforced "upon mortgagee's demand" if no stated date of maturity is in the mortgage. *Walton v. Davis*, 10th Dist. Franklin No. 96APF11-1503, 1997 WL 358860 (June 26, 1997) and 1 Robert M. Curry, James Geoffrey Durham Ohio Real Property and Law and Practice, Section 17-6(a), at 576 (5th Ed. 1996). The court held that appellee's demand occurred when he filed his counterclaim.

{¶49} The trial court properly relied upon appellant's failure to provide evidence to the contrary on appellee's motion for summary judgment, her failure to rebut or refute his affidavit statements, and the stipulations the parties filed. Accordingly, the trial court properly found that appellee's action in foreclosure was his demand for maturity on the

mortgage because he was unlikely to be repaid after John died in 2016 and no estate was opened on his behalf. Upon the refiling of the mortgage, appellee's lien was extended for 21 years and he thus timely demanded maturity when he filed the instant foreclosure action in this case. The trial court correctly found that R.C. 2305.06, entitled "Contract in Writing," applies to the mortgage and provides that "an action on a specialty or an Agreement, contract, or promise in writing shall be brought within eight years after the cause of action accrued." R.C. 2305.06. Since the trial court found that appellee's demand for maturity was made when he filed the instant foreclosure counterclaim on December 28, 2018, the current version of R.C. 2305.06 with the 8-year statute of limitations applies and not the prior version with a 15-year statute of limitations. A mortgage is considered to be a specialty under 2305.06. *Walker*, 2017-Ohio-535 at ¶ 19, citing *Bradfield v. Hale,* 67 Ohio St.816, 65 N.E. 1008.

{¶50} Applying R.C. 2305.06 to the instant case, appellee had 8 years from his demand for maturity of the mortgage in which to file his foreclosure action. The demand for maturity was the filing of the foreclosure counterclaim on December 28, 2018, and he had until December 28, 2026 in which to file it. He was within the statute of limitations. Appellant asserts in subissue 2(e) that if we find that the trial court did not err in accepting appellee's affidavit, appellee's first lawsuit against John on July 31, 1997 is the instrument that commenced the running of the statute of limitations. She contends that the February 20, 1998 dismissal date of this suit is the beginning date of the statute of limitations because there was no date of repayment and this was a demand for foreclosure or acceleration on the mortgage. She reasons that 15 years from the dismissal date, or February 20, 2013, is when the statute of limitations expired.

{¶51} We disagree. Appellee's first lawsuit was one for recovery on the debt only. It mentioned nothing about foreclosure on the mortgage. In fact, no reference whatsoever was made to the mortgage in the lawsuit, much less acceleration or foreclosure. Thus, as found by the trial court, appellee's instant counterclaim is separate and distinct from his first lawsuit because it is one for foreclosure on the security of the mortgage. Appellee attested to as much in his affidavit accompanying his motion for summary judgment. Appellant did not object to, refute, or rebut any statements in the affidavit and therefore failed to meet her reciprocal burden on summary judgment. The

trial court thus properly found that the first lawsuit was not a demand for foreclosure or acceleration of the mortgage.

**{¶52}** Finally, in subissue 2(b), appellant asserts that the trial court miscalculated the amount of damages that she owed. She agrees that appellee may be entitled to interest on payment of John's debt, but she contends that the interest began to run on the date that appellee paid the debt, February 14, 1991, and the statute of limitations on that debt expired 3 years later.

**{¶53}** We find that appellant waived this assertion. We held in *The Home Savings & Loan Company v. Captiva Hong Kong Limited*, 7th Dist. Mahoning No. 03 MA 167, 2004-Ohio-6375 that "[i]t is axiomatic that a party cannot raise issues for the first time on appeal that were not raised below." (citation omitted). Appellant did not dispute or otherwise raise this issue or any issue concerning interest before the trial court even though appellee's affidavit on summary judgment provided a calculation of statutory interest and stated a beginning date. Appellant is only asserting that the trial court erred in the beginning date upon which interest begins. This should have been raised before the trial court.

**{¶54}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶55}** For the above reasons, the trial court's judgment is affirmed.

Waite, P. J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**