ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
 {¶ 2} Defendants-appellants, Accelerated Systems, Inc., Michael T. Joseph and Michael T. Joseph ESBT, appeal the judgment of the trial court that awarded plaintiff-appellee, MRK Technologies, Ltd., postjudgment interest at the rate of 10% per annum. For the reasons that follow, we modify the judgment.
 {¶ 3} The record before us demonstrates that on April 30, 2004, the trial court granted appellee's motion to confirm the arbitration award and motion for prejudgment interest. In regard to the prejudgment interest, the court's entry only provided that the interest would begin to accrue on February 29, 2000.
 {¶ 4} On appeal, appellants challenged numerous aspects of the trial court's judgment. In regard to the court's order of the prejudgment interest, appellants contended that the court erred in its determination of the February 29, 2000 accrual date. This court agreed, finding that the accrual date should have been October 30, 2003, and modified the trial court's judgment to reflect its finding. Hausser Taylor, LLP v. AcceleratedSystems Integration, Inc., Cuyahoga App. No. 84748,2005-Ohio-1017, at ¶ 42. This court then remanded the case for "execution of judgment." Id. at ¶ 43.
 {¶ 5} On remand, the trial court issued an entry modifying the prejudgment interest award in accordance with this court's determination and awarding postjudgment interest at the rate of 10% per annum. It is from that judgment that appellants now appeal.
 {¶ 6} Appellants do not challenge the award of postjudgment interest; rather they challenge the rate of 10% per annum. Specifically, appellants cite the June 2, 2004 amendment to R.C.1343.03, which governs prejudgment and postjudgment interest and which provides that in a situation such as the instant one, the interest rate is determined by R.C. 5703.47. R.C. 5703.47
provides that the interest shall be that as determined by the tax commissioner. For 2004, the tax commissioner set the interest rate at 4% per annum, and for 2005, the tax commissioner set the interest rate at 5% per annum. The former R.C. 1343.03, which appellee argues governs in this case, set the interest rate at 10% per annum.
 {¶ 7} Appellee further argues that the law-of-the-case established in the first appeal set the interest rate at 10% per annum. Appellee contends that the 10% interest rate is the law-of-the-case because appellants only challenged the accrual date of the interest as opposed to the actual per annum rate. Appellee's argument fails for two reasons.
 {¶ 8} First, at the time of the trial court's first judgment relative to interest, April 30, 2004, the former R.C. 1343.03, which provided for interest at the rate of 10% per annum, was in effect. Thus, appellants could not have raised the issue of the new interest rate, as the current R.C. 1343.03 had not yet been enacted. "The [law-of-the-case] doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."Nolan v. Nolan (1984), 11 Ohio St.3d 1, 462 N.E.2d 410. Here, this court's first opinion did not render a decision on the issue of the rate of the interest to be applied and, hence, there is no law-of-the-case on this issue. See Hausser Taylor, LLP,
supra.
 {¶ 9} Second, the trial court's April 30, 2004 entry did not specifically state what the interest rate was; it only stated in that regard that interest would begin to accrue on February 29, 2000. It was not until the trial court's second judgment, issued after this court's remand, that the trial court specifically stated that the interest rate would be 10% per annum.
 {¶ 10} Appellants argue that postjudgment interest should apply at the rate of 10% from April 30, 2004 to June 1, 2004; 4% from June 2, 2004 to December 31, 2004; and 5% from January 1, 2005 until the judgment is satisfied. In support of their argument, appellants cite this court's decision in HighlandsBusiness Park, LLC v. Grubb Ellis Co., Cuyahoga App. No. 85225, 2005-Ohio-3139. In that case, this court ruled that the trial court's August 16, 2004 judgment granting interest at the rate of 10% was excessive. In so ruling, this court applied the current version of R.C. 1343.03. In Highlands Business Park,
the trial court's judgment granting 10% interest was subsequent to the effective date of the current R.C. 1343.03. This court, in deciding the matter, relied upon Section 3 of H.B. No. 212, the legislation which amended R.C. 1343.03, and which provides as follows:
 {¶ 11} "The interest rate provided for in division (A) of section 1343.03 of the Revised Code, as amended by this act, applies to actions pending on the effective date of this act. In the calculation of interest due under section 1343.03 of the Revised Code, in actions pending on the effective date of this act, the interest rate provided for in section 1343.03 of the Revised Code prior to the amendment of that section by this act shall apply up to the effective date of this act, and the interest rate provided for in section 1343.03 of the Revised Code as amended by this act shall apply on and after that effective date."
 {¶ 12} Because this case was pending at the time of the amendment to the statute, the amended R.C. 1343.03 governs and the postjudgment interest rate is modified to accrue as follows: at the rate of 10% from April 30, 2004 to June 1, 2004; 4% from June 2, 2004 to December 31, 2004; and 5% from January 1, 2005 until the judgment is satisfied.
Judgment modified.
It is ordered that appellants recover of appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J., and Corrigan, J., concur.