MAYNARD, APPELLEE, *v.* EATON CORPORATION, APPELLANT.

[Cite as *Maynard v. Eaton Corp.,* 119
Ohio St.3d 443, 2008-Ohio-4542.]

(No. 2007–1069—Submitted March 26, 2008—Decided September 16, 2008.)

CUPP, J.

{¶ 1} The issue presented in this case is whether the amendment to R.C. 1343.03(A) enacted by 2004 Sub.H.B. No. 212 ("H.B. 212"), 150 Ohio Laws, Part III, 3417 (effective June 2, 2004), adjusts the statutory rate of postjudgment interest on a final judgment entered by a trial court, when the case is pending on appeal on the effective date of the amended statute. We conclude that the amendment does adjust the rate of interest applied to the judgment, and therefore, we reverse the judgment of the appellate court.

## I

{¶ 2} This action arose pursuant to a 1999 complaint filed by plaintiff-appellee, Leonard Maynard.[1] In 2003, the jury returned a verdict and the trial court entered judgment in favor of Maynard on his claims of an employer intentional tort and his request for punitive damages against defendant-appellee Eaton Corporation. Since then, this matter has remained in litigation by virtue of various appeals by both parties. See, e.g., *Maynard v. Eaton Corp.*, Marion App. No. 9–03–48, 2004-Ohio-3025, 2004 WL 1302314 (affirming the jury verdict but reversing the trial court's denial of Maynard's motion for prejudgment interest and attorney fees and remanding for further proceedings on those issues); 103 Ohio St.3d 1493, 2004-Ohio-5605, 816 N.E.2d 1080 (declining jurisdiction); Marion App. No. 9–06–33, 2007-Ohio-1906, 2007 WL 1176488 (affirming the trial court's denial of Maynard's motion for prejudgment interest but reversing the denial of Maynard's motion for attorney fees and costs and holding that the trial court erred in not considering Maynard's motion for postjudgment interest).

{¶ 3} With respect to the present appeal, we recognized a conflict on the following question: "Does the amendment to R.C. 1343.03, effective June 2, 2004, adjust the 10% rate of post-judgment interest calculated on a final judgment that was entered prior to the date of the amendment, but not paid in full and pending on appeal?"[2] *Maynard v. Eaton Corp.*, 114 Ohio St.3d 1503, 2007-Ohio-4285, 872 N.E.2d 947.

{¶ 4} Thus, the disputed issue in this court is the proper rate for calculating the award of statutory postjudgment interest owed to Maynard.

## II

{¶ 5} Prior to June 2, 2004, the statutory rate for calculating postjudgment interest on a final judgment was ten percent. Former R.C. 1343.03(A), 149 Ohio Laws, Part I, 382, 386 (effective July 6, 2001).

{¶ 6} When R.C. 1343.03(A) was amended by H.B. 212, the fixed statutory rate of interest on judgments was replaced with a variable rate tied to the variable federal short-term rate. R.C. 1343.03(A), 150 Ohio Laws, Part III, 3417 (effective June 2, 2004). Pursuant to H.B. 212, the interest rate to be applied on or after June 2, 2004, is the rate that has been determined annually by the tax commissioner pursuant to R.C. 5703.47. R.C. 1343.03(A).

---

1. On July 22, 2008, counsel for plaintiff-appellee notified the court that Leonard Maynard had died on or about May 31, 2008. On September 8, 2008, counsel filed a motion to substitute Joann Maynard for Leonard Maynard as plaintiff-appellee in this cause. That motion is granted.

2. The conflict cases are *Hausser & Taylor, L.L.P. v. Accelerated Sys. Integration, Inc.*, Cuyahoga App. No. 86547, 2006-Ohio-1582, 2006 WL 832457, and *Hilliard v. First Indus. L.P.*, 165 Ohio App.3d 335, 2005-Ohio-6469, 846 N.E.2d 559.

{¶ 7} The General Assembly recognized at the time it enacted H.B. 212 that a special situation existed for cases in active litigation. Consequently, the General Assembly provided for a transition to the new method of calculating the amount of statutory interest through an uncodified section in the act. As defined by the Ohio Legislative Service Commission, uncodified law is "[l]aw of a special nature that has a limited duration or operation and is not assigned a permanent Ohio Revised Code section number." A Guidebook for Ohio Legislators (10th Ed.2007–2008) 145. "[U]ncodified law is part of the law of Ohio and is filed in the office of the Secretary of State. However, because it is not a law of a general and permanent nature, it does not appear in the statutes in codified form." Id. at 68. In this regard, uncodified law is also occasionally called a temporary law. Id. at 145.

{¶ 8} The uncodified law in H.B. 212 prescribes that the change in the statutory interest-rate calculation is to be applied to pending cases:

{¶ 9} "The interest rate provided for in division (A) of section 1343.03 of the Revised Code, as amended by this act, applies to actions pending on the effective date of this act. In the calculation of interest due under section 1343.03 of the Revised Code, in actions pending on the effective date of this act, the interest rate provided for in section 1343.03 of the Revised Code prior to the amendment of that section by this act shall apply up to the effective date of this act, and the interest rate provided for in section 1343.03 of the Revised Code as amended by this act shall apply on and after that effective date." Section 3, H.B. 212, 150 Ohio Laws, Part III, 3421.

{¶ 10} Maynard contends that interest should be calculated pursuant to the statutory interest rate in effect on April 2, 2003, when the final trial judgment was entered. See former R.C. 1343.03(A), 149 Ohio Laws, Part I, 382, 386 (effective July 6, 2001). Conversely, Eaton argues that because this matter remained in litigation, it was pending and not finally determined. Therefore, Eaton asserts, statutory postjudgment interest should be calculated on different statutory interest rates, according to when each rate was statutorily in effect during this litigation. See R.C. 1343.03(A), H.B. 212, 150 Ohio Laws, Part III, 3417 (effective June 2, 2004).

{¶ 11} In its consideration of this matter, the Third District Court of Appeals concluded without analysis that the "post-judgment interest should have been awarded at the rate of *ten percent per annum*." (Emphasis sic.) *Maynard v. Eaton Corp.*, Marion App. No. 9–06–33, 2007-Ohio-1906, 2007 WL 1176488, ¶ 39. The court plainly stated, "The judgment in this case was rendered on April 4 [sic, 2], 2003 and therefore, the statutory amount for post-judgment interest was ten percent per annum." Id. at ¶ 37. The court did not order that Maynard's

postjudgment interest award was to be calculated by the rate prescribed by the 2004 version of R.C. 1343.03(A).

{¶ 12} In contrast to the appellate court's resolution of this matter, the General Assembly clearly provided that interest on a judgment in a case pending after the effective date of H.B. 212 would be calculated at a rate different from that used for the calculation of interest accruing before the effective date of H.B. 212. The uncodified section of the H.B. 212 directs that the fixed rate of ten percent per annum in effect prior to June 2, 2004, applies through June 1, 2004, and is to be used to calculate the amount of interest accrued through June 1, 2004; the annually determined rate then applies and is used to calculate the amount of interest to be paid from June 2, 2004, forward.

{¶ 13} The uncodified section of H.B. 212 also directs that the use of different rates for the calculation of statutory interest is to apply only to "actions pending on the effective date of this act." Section 3, H.B. 212, 150 Ohio Laws, Part III, 3421. Although the parties dispute when a case is "pending" for the purpose of this statute, we have previously defined the word "pending" as " '[b]egun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is "pending" from its inception until the rendition of final judgment.' " *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 103, 522 N.E.2d 489, quoting Black's Law Dictionary (5th Ed.1979) 1021. See also *Ex parte Craig* (C.A.2, 1921), 274 F. 177, 187 (cause is pending while still open to appeal, modification, or rehearing, and until final judgment is rendered); *Midkiff v. Colton* (C.A.4, 1917), 242 F. 373, 381; and *Nichols v. Pierce* (C.A.D.C.1984), 740 F.2d 1249, 1256. *Van Fossen* expressly rejected a narrower interpretation that would have held that a case is no longer "pending" despite the trial court's entry of judgment, since an appeal suspends the effect of the trial court's judgment until the courts of appeals enters its own final judgment. *Van Fossen* at 104, 522 N.E.2d 489.

{¶ 14} Although *Van Fossen* was interpreting the word "pending" in the context of former R.C. 4121.80(H), we see no reason why the term should have a different import in the instant case. The *Van Fossen* court expressly stated that it was construing the term "according to [its] common usage," i.e., not in any technical or special sense. Id. at 103, 522 N.E.2d 489. Thus, at the very least, for the purposes of R.C. 1343.03(A), a matter would be "pending" when it is on appeal and a decision on the disputed issues by the court is anticipated.

## III

{¶ 15} In view of the foregoing, we resolve the certified-conflict question in the affirmative. We hold that the amendment to R.C. 1343.03(A) applies to cases in which the trial court has entered final judgment prior to June 2, 2004, the

effective date of the amendment, but the judgment is not yet paid in full and the case was pending on appeal as of that date.

{¶ 16} Moreover, upon consideration of the extensive litigation in this case, we find that this matter was certainly "pending" when H.B. 212 went into effect. Accordingly, the ten percent postjudgment interest rate applies from the date of the trial court's entry of judgment, April 4, 2003, through June 1, 2004, the day before the effective date of H.B. 212. As of June 2, 2004, the rate as annually determined by the tax commissioner applies, pursuant to the amended version of R.C. 1343.03(A) and R.C. 5703.47, until the judgment is satisfied.

{¶ 17} Based on the foregoing, we reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

---

Kennedy, Reeve & Knoll and Laren E. Knoll, for appellee.

Brzytwa, Quick & McCrystal, L.L.C., Harry T. Quick, and Matthew L. Snyder, for appellant.

Smith, Rolfes & Skavdahl Co., L.P.A., and Thomas F. Glassman, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

Thompson & Bishop and Christy B. Bishop, urging affirmance for amicus curiae Ohio Employment Lawyers Association.