[Cite as *Trinity Fin. v. D'Apolito*, 2024-Ohio-825.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

TRINITY FINANCIAL SERVICES, LLC,

Plaintiff-Appellee,

v.

AMATO D'APOLITO et al.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0028**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2021 CV 01207

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges

---

**JUDGMENT:**
Affirmed.

---

*Atty. Ellen L. Fornash*, Padgett Law Group, for Plaintiff-Appellee and

*Atty. Edward T. Saadi*, Edward T. Saadi, LLC, for Defendant-Appellant.

Dated: March 1, 2024

**Robb, P.J.**

{¶1}    Defendant-Appellant Amato D'Apolito appeals the decision of the Mahoning County Common Pleas Court granting summary judgment to Plaintiff-Appellee Trinity Financial Services, LLC and ordering foreclosure on his mortgage.  He contends the trial court erred in failing to conclude the expiration of the statute of limitations on a note necessarily barred the action on the mortgage securing the debt.  For the following reasons, the trial court's judgment of foreclosure against Appellant is affirmed.

STATEMENT OF THE CASE

{¶2}    On March 22, 1999, Appellant executed an equity reserve line of credit agreement with National City Bank.  The line of credit was secured by a mortgage on property located at 5419 West Rockwell Road in Austintown, Ohio.  The maximum principal amount for the open-end revolving line of credit was $20,000 (with a variable interest rate).  The maturity date was listed as the last day of the billing cycle ending in March 2004.  (Vol. 4100, P. 350) (recorded 3/29/99).

{¶3}    On July 13, 2021, Appellee filed a complaint alleging default under the line of credit secured by the mortgage and seeking (1) a money judgment for $10,047.07 plus interest from January 22, 2015 and (2) foreclosure on the mortgage as the first valid lien on the property.  In addition to the line of credit and the mortgage, the exhibits attached to the complaint included an allonge to Appellee (from US Mortgage Resolution LLC to whom the line of credit was endorsed) and mortgage assignments (showing National City merged with PNC Bank and then assigned the mortgage to US Mortgage Resolution LLC who assigned it to Appellee).  The judicial report showed the auditor's valuation of the property was $20,950.

{¶4}    Appellee filed a motion for summary judgment in January 2022.  An affidavit from Appellee's president incorporated the aforementioned exhibits, a payment history relevant to the judgment figures, and a November 19, 2019 demand letter containing an "acceleration warning."  The payment history showed payments to PNC Bank in 2013 and 2014 (with a charge-off of $10,047.07 on 8/31/14 when the interest rate was 3.75%). (Aff.Ex. F).  The 2019 letter pointed out Appellant stopped paying as of the February 22, 2015 payment and demanded payment of the full outstanding balance by January 3, 2020 in order to cure the default and avoid foreclosure.  (Aff.Ex. E).

{¶5}   After obtaining a discovery continuance, Appellant filed a competing motion for summary judgment and used the contents of the motion as his response to Appellee's summary judgment motion.  Appellant argued the claims for judgment on the note and foreclosure on the mortgage were both time-barred.

{¶6}   Regarding the note, Appellant pointed to the following six-year statute of limitations in R.C. 1303.16(A): "an action to enforce the obligation of a party to pay a note payable at a definite time shall be brought within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date."  Noting the last payment was made before the note's March 2014 maturity date, Appellant concluded any suit on the note was time-barred after March 31, 2020 and thus the July 13, 2021 complaint for money damages was untimely.

{¶7}   Regarding the mortgage, Appellant set forth three alternative arguments.  Relying on the above argument about the note being time-barred, he argued if the statute of limitations on the note was expired, then a suit on the mortgage securing it was necessarily and automatically time-barred.

{¶8}   Appellant alternatively argued if the mortgage was instead subject to the statute of limitations in R.C. 2305.06 (for a specialty or a written contract), then Appellee was required to file the suit by January 21, 2020 because the cause of action accrued on January 21, 2014 (the date of the last payment).  This argument was based on Appellant's assumption that R.C. 2305.06 also had a six-year statute of limitations (however, the change in the limitations period from eight to six years did not go into effect until 2021).

{¶9}   Lastly, Appellant's motion for summary judgment claimed the mortgage, which had no maturity date, expired 21 years after it was executed, which was March 2020.  He relied on R.C. 5301.30 (dealing with mortgage expiration and re-filing of a mortgage with the recorder).

{¶10}  Appellee's response included an argument that Appellant set forth no evidence showing the accrual date was prior to the 2019 acceleration letter, concluding this letter started the running of the statute of limitations for both claims.  Appellant's reply focused on the note and R.C. 1303.16.  He urged a letter could not accelerate an already-passed maturity date and/or the letter was a warning rather than actual acceleration.

{¶11}  On February 2, 2023, the trial court entered a final judgment granting partial summary judgment to each party.  The court granted judgment for Appellant on Appellee's

claim for a personal money judgment on the note. In doing so, the court concluded the statute of limitations in R.C 1303.16(A) expired six years after the March 2014 maturity date set forth in the line of credit agreement (where the last payment was made before the maturity date). The court found the 2019 letter did not "accelerate" a maturity date that already passed and said there was no indication of actual acceleration.

**{¶12}** However, the trial court granted summary judgment on Appellee's foreclosure claim after rejecting Appellant's three arguments about the mortgage action being time-barred. First, regarding the contention that a mortgage action is necessarily time-barred if a money judgment on the note is time-barred, the trial court ruled the action on a note is distinct from an action on a mortgage (citing *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243) and the note's statute of limitations does not bar action on a mortgage with a longer statute of limitations (citing two Eighth District cases).

**{¶13}** Second, the trial court rejected Appellant's application of the six-year statute of limitations for a mortgage contained in the cited version of R.C. 2305.06, pointing out the statute had an eight-year limitations period during the relevant time frame. Thus, even if the action accrued at the time of the last missed payment in 2014 as argued by Appellant, the July 2021 complaint would have been timely filed within eight years. The court alternatively pointed out the only evidence related to the accrual date of the mortgage was the 2019 acceleration warning letter and the accrual date for the action on a mortgage without a maturity date would be the date of first demand, citing *Rutana v. Koulianos*, 2020-Ohio-6848, 164 N.E.3d 1108, ¶ 48 (7th Dist.).

**{¶14}** Lastly, the trial court rejected Appellant's final argument that the mortgage expired under R.C. 5301.30 (where it was not renewed 21 years after it was executed). The court found the statute inapplicable to the case because it applied to subsequent land transactions involving individuals such as a bona fide purchaser or mortgagee and did not provide for expiration in favor of the mortgagor.

**{¶15}** In accordance, the court entered a judgment of foreclosure on the property. (2/2/23 J.E.). Appellant filed a timely notice of appeal. The trial court issued a stay pending appeal. (3/14/23 J.E.)

<u>ASSIGNMENT OF ERROR</u>

**{¶16}** Appellant's assignment of error contends:

"THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON COUNT TWO OF THE COMPLAINT."

{¶17} The sole issue presented in Appellant's brief asks: "When action on a promissory note is time-barred, can an action for foreclosure of a mortgage securing that note nevertheless be maintained?" (Apt.Br. 6). Appellant's argument contends, "Long-standing Ohio Supreme Court precedent holds that when action on a promissory note is time-barred, then foreclosure of a mortgage securing that note is time-barred as well." (Ap.Br 2). Appellant therefore concludes the trial court erred in concluding the foreclosure claim could be maintained despite the lapse of the statute of limitations on the note.

{¶18} In reviewing the case law, Appellant emphasizes statements such as, "Where [a mortgage is] given to secure notes, it has no determinate value apart from the notes * * *." *Kernohan v. Manss*, 53 Ohio St. 118, 133, 41 N.E. 258 (1895) ("and, as distinct from them, is not a fit subject of assignment" in a case addressing the priority of the noteholder against a good faith holder of a forged note who was assigned the actual mortgage, not a case addressing a statute of limitations issue). He focuses on the observation that a mortgage is "a mere incident of the debt." *Kerr v. Lydecker*, 51 Ohio St. 240, 248, 37 N.E. 267 (1894). He urges the Supreme Court's 2016 *Holden* decision did not change long-standing case law or announce a new ruling when it explained an action on a note and an action on a mortgage were distinct. *See Holden*, 147 Ohio St.3d 85 at ¶ 25, 35 (concluding the bar of the note due to bankruptcy did not bar the action on the mortgage). According to Appellant, the *Holden* ruling only applies where action on the note was barred by bankruptcy and does not equate to a holding that a mortgage action can proceed when enforcement of the note is time-barred.

{¶19} Appellant concludes the trial court's reliance on *Holden* was misplaced, as was the Eighth District's position cited by the trial court. *See, e.g., U.S. Bank Natl. Assn. v. O'Malley*, 2019-Ohio-5340, 150 N.E.3d 532, ¶ 22-23 (8th Dist.) (*Holden* applies in both bankruptcy and non-bankruptcy settings so the running of the note's statute of limitations in R.C. 1303.16(A) does not bar action on the mortgage). Instead, Appellant cites federal district court cases finding *Holden* was not related to a statute of limitations issue because the note in *Holden* was not time-barred and the ruling was merely that a mortgage action could proceed despite the note being discharged in bankruptcy. *See In re Fisher*, 584 B.R. 185, 198-200 (N.D.Ohio) (4/30/18) (finding the expiration of the note's six-year

statute of limitations in R.C. 1303.16(A) barred the plaintiff from foreclosing on the mortgage); *Baker v. Nationstar Mtge. LLC*, S.D.Ohio No. 2:15-CV-2917 (7/20/18) (adopting the *Fisher* decision and opining the Ohio Supreme Court did not announce new law in *Holden* as the Court did not engage in its three-step analysis for vacating precedent).

**{¶20}** Before proceeding to analyze Ohio case law, we point out the cited federal cases did not consider the fact that the historical Ohio case law was issued at a time when the note and mortgage were both statutorily categorized under the same statute of limitations code section, before the enactment of R.C. 1303.16(A) (the U.C.C. section applicable to a note).

**{¶21}** Moreover, as to the trial court judgment in *Fisher*, we point out a different judge in the same federal district concluded the opposite while making the following statement: "the eight-year statute of limitations under R.C. § 2305.06 applies to this case. While it is true that the longstanding rule in Ohio was that an action for foreclosure was barred by the expiration of the statute of limitations governing the promissory note [citing *Kerr*], *Holden* reversed that rule." *SRB Servicing, LLC v. McIntyre*, N.D.Ohio No. 1:17-CV-665 (5/5/18), citing *Bank of New York Mellon v. Walker*, 2017-Ohio-535, 78 N.E.3d 930 (8th Dist.). This district judge refused to reconsider the holding upon being cited to the other district judge's *Fisher* decision. *SRB Servicing*, N.D.Ohio No. 1:17CV665 (6/19/18).

**{¶22}** As to the federal trial judge's decision in *Baker*, we note this decision was an interlocutory order that was vacated after a settlement. *Baker*, S.D.Ohio No. 2:15-CV-2917 (9/4/18) (vacating the 7/20/18 judgment). We also note a subsequent judge in the same district applied Ohio case law to hold, "even where the statute of limitations has run on the promissory note the mortgage is still enforceable." *Hanover v. Real Time Resolutions, Inc.*, S.D.Ohio No. 3:22-CV-209 (8/29/23).

<u>OHIO LAW & ANALYSIS</u>

**{¶23}** In the Ohio Supreme Court's 1894 *Kerr* case, the question was whether an action on a mortgage was subject to the 21-year statute of limitations for "recovery of title to or possession of real property" or the 15-year statute of limitations for "an action upon a specialty, or an agreement, contract, or promise in writing." *Kerr*, 51 Ohio St. at 247. The Court discussed the remedy of foreclosure versus the remedy of ejectment to recover

title or possession. *Id.* at 248-252. The Court found a mortgage was a "specialty" as used in applying former section 4980, which is the predecessor to R.C. 2305.06 (the same statute of limitations generally applicable to other written agreements). *Id.* at 252-253. Applying R.C. 2305.06, the Court observed:

> [W]hen a note is secured by the mortgage, the statute of limitations as to both is the same, and therefore the mortgage will be available as a security to the note in an action for foreclosure and sale until the note shall be either paid or barred by the statute; but in such case an action for foreclosure and sale cannot be maintained on the mortgage after an action on the note shall be barred by the statute of limitations.

*Id.* at 254-255.

{¶24} However, this holding was made in the context of a case applying the code section containing the statute of limitations that specifically applied to *both* a mortgage (specialty) and an agreement in writing (which generally includes a note). *Id.* at 247. In the case at bar, Appellant (successfully) claimed the action on the debt was barred *by a separate statute of limitations applicable to certain notes, R.C. 1303.16(A),* as discussed further below.

{¶25} Notably, the *Kerr* Court made the "mere incident of the debt" observation in the context of addressing the status of the mortgage *prior to* the breach and then recharacterized the mortgage after the breach by stating:

> The mortgage being, in equity, regarded as a mere security for the debt, the legal title to the mortgaged premises remains in the mortgagor, as against all the world, except the mortgagee, and also as against him until condition broken; *but, after condition broken, the legal title,* as between mortgagor and mortgagee, *is vested in the mortgagee.*

(Emphasis added.) *Kerr*, 51 Ohio St. at 248.

{¶26} Moreover, the Court recognized, "the bar of the note or other instrument secured by mortgage does not necessarily bar an action on the mortgage." *Id.* at 253, citing *Fisher v. Mossman*, 11 Ohio St. 42 (1860) ("where a security for a debt is a lien on property, personal or real, that lien is not impaired in consequence of the debt being barred by the statute of limitations"). *See also Riddle v. Howenstein*, 5 Ohio Dec. 745 (1883) (where the Supreme Court held the expiration of the statute of limitations

Case No. 23 MA 0028

applicable to the note did not mean the foreclosure action, subject to a different statute, was time-barred).

{¶27} In addressing remedies on a mortgage, the Supreme Court thereafter made the following observation: "As between the mortgagor and mortgagee in a mortgage upon real estate, after condition broken, the legal title to the mortgaged premises is in the mortgagee, and he may elect either to sue for foreclosure and sale, or bring ejectment to recover possession of the premises." *Bradfield v. Hale*, 67 Ohio St. 316, 65 N.E. 1008 (1902), paragraph one of the syllabus. The Court indicated that even where the statute of limitations for foreclosure expired (under the predecessor to R.C. 2305.06), the mortgagee may pursue the separate mortgage remedy of ejectment if suit is filed within the longer 21-year statute of limitations (in the predecessor to R.C. 2305.04). *Id.* at paragraph two of the syllabus.

{¶28} Appellant emphasizes a subsequent Supreme Court case stating, "when the note is barred, the mortgage is also barred * * *." *Hopkins v. Clyde*, 71 Ohio St. 141, 149, 72 N.E. 846 (1904) (in a case addressing the issue of whether a subsequent transferee can assert the statute of limitations). The Court pointed out: "It is not seriously questioned that the mortgagor * * * could make the plea of the statutory bar against both the note and the mortgage securing the same, if more than 15 years had elapsed between the maturity of the debt and the commencing of the action to foreclose the mortgage." *Id.* at 144. Notably, the Court was applying the same statute of limitations at issue in *Kerr*, which contained language encompassing both a mortgage (specialty) and a note (written agreement).

{¶29} It was not until 1994 that Ohio adopted the following provision from the Uniform Commercial Code (U.C.C.): "an action to enforce the obligation of a party to pay a note payable at a definite time shall be brought within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." R.C. 1303.16(A). This section's application to a note is more specific than the general statute of limitations for written agreements in R.C. 2305.06(A).

{¶30} Appellant successfully argued R.C. 1303.16(A) barred the claim for a personal money judgment on the debt. (This decision was not appealed by Appellee.) Appellant believes that because the statute of limitations in R.C. 1303.16(A) was applied to bar the action to collect a personal money judgment on the note, the action to foreclose

on the mortgage would be likewise barred due to the cited excerpts from the old Supreme Court cases.  Appellee responds by arguing any prior law suggesting a time-barred note destroys a mortgage has been overturned.

**{¶31}** The prior law relied on by Appellant did not ignore a statute of limitations applicable to a mortgage in favor of a statute of limitations applicable to a note.  The shorter statute of limitations specifically applicable to U.C.C. notes in R.C. 1303.16(A) did not exist at the time of those cases.

**{¶32}** R.C. 2305.06 is the successor to the fifteen-year statute of limitations applied in *Kerr* and *Hopkins*; this statute of limitations was changed to eight years in 2012 and to six years in 2021.  The statute currently provides:  "Except as provided in sections 126.301, 1302.98, 1303.16, 1345.10, and 2305.04 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within six years after the cause of action accrued."  R.C. 2305.06 (eff. 6/16/21).

**{¶33}** As an unappealed portion of the trial court's decision pointed out, this statute of limitations was eight years old when this cause of action accrued.  "For causes of action that are governed by section 2305.06 of the Revised Code and that accrued prior to the effective date of this act, the period of limitations shall be six years from the effective date of this act or the expiration of the period of limitations in effect prior to the effective date of this act, whichever occurs first."  R.C. 2305.06, Sec. 4 of 2021 S 13 (eff. 6/16/21).[1]

**{¶34}** The Supreme Court's *Holden* case supports our holding here.  In *Holden*, the bank initiated an action to foreclose on the mortgage after the debtors' obligation on the note was discharged in bankruptcy.  *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 3.  The Court concluded the bank's secured position on the mortgage established "standing to file an equitable action in foreclosure to collect the deficiency on the note from the equity in the property even

---

[1] On appeal, Appellant raises the claim that Ohio case law provides the mortgage is time-barred if the statute of limitations on the note expired.  As recited in our Statement of the Case, an alternative argument in Appellant's summary judgment motion said R.C. 2305.06's six-year statute of limitations would bar the mortgage action in any event, claiming the cause of action accrued upon his last payment and the complaint was filed more than six years since his last payment.  However, this argument failed to recognize uncodified law pointing to the prior eight-year period as applicable.  *See Maynard v. Eaton Corp.*, 119 Ohio St.3d 443, 2008-Ohio-4542, 895 N.E.2d 145, ¶ 7 (uncodified law is part of Ohio law).  Appropriately, Appellant does not challenge the conclusion that the eight-year statute of limitations in R.C. 2305.06 would apply over the newer six-year period enacted in the 2021 amendment.

though it may not proceed against the maker of the note * * * because of the bankruptcy discharge." *Id.* at ¶ 7.

**{¶35}** In making its decision, the Supreme Court explained the separate and independent remedies a mortgagee can elect in order to collect the debt secured by a mortgage: (1) the mortgagee may seek a personal judgment against the mortgagor to recover the amount due on the promissory note without resorting to the mortgaged property; (2) the mortgagee may enforce the mortgage through an ejectment action in order to take possession of the property, receive the income from the property to apply to the debt, and restore the property to the mortgagor when the debt is satisfied; and (3) the mortgagee may bring a foreclosure action to determine the extent of the mortgage lien and to have the property sold for its satisfaction, based on the property interest created by the mortgagor's default on the mortgage. *Id.* at ¶ 21-24.

**{¶36}** The Supreme Court observed it has been "long recognized that an action for a personal judgment on a promissory note and an action to enforce mortgage covenants are 'separate and distinct' remedies." *Id.* at ¶ 25. In other words, "An action at law on a promissory note to collect a mortgage debt is separate and distinct from an action in equity to enforce the mortgage lien on the property." *Id.* at ¶ 35. Before reaching the conclusion that the note's discharge in bankruptcy (which ruined the ability to personally collect money damages from the maker) did not ruin the ability to foreclose on the mortgage and collect the deficiency from the sale proceeds, the Court stated:

> Based on the distinction between these causes of action—i.e., one is an action on a contract, while the other is an action to enforce a property interest created by the mortgage—we have explained that "the bar of the note or other instrument secured by mortgage does not necessarily bar an action on the mortgage." *Kerr v. Lydecker*, 51 Ohio St. 240, 253, 37 N.E. 267 (1894); *accord Bradfield* at 325, 65 N.E. 1008 (holding that an action for ejectment can be maintained after the statute of limitations on the note has expired) * * *.

*Holden*, 147 Ohio St.3d 85 at ¶ 35. The Court then essentially extended these principles, including the *Bradfield* statute of limitations holding, to likewise allow the case before it to proceed on the mortgage even though "the underlying debt that the mortgage secures has been discharged in a Chapter 7 bankruptcy proceeding." *Id.* at ¶ 26.

Case No. 23 MA 0028

{¶37} Analyzing *Holden*, the Eighth District said the Supreme Court's announcement "deeming the equitable remedies on the mortgage survive prohibitions against legal remedies on the note" would include a statute of limitations prohibition (as well as the bankruptcy prohibition at issue in *Holden*). *U.S. Bank Natl. Assn. v. Robinson*, 8th Dist. Cuyahoga No. 105067, 2017-Ohio-5585, ¶ 10, citing *Bank of New York Mellon v. Walker*, 2017-Ohio-535, 78 N.E.3d 930, ¶ 23 (8th Dist.). If a party is unable to obtain a judgment on the note because of a statute of limitations infirmity that applies only to the note, then the party may still seek to enforce mortgage remedies of foreclosure or ejectment under those longer statutes of limitations if they have not expired. *Walker*, 2017-Ohio-535 at ¶ 19, 23.

{¶38} As the Eighth District observed, it is erroneous to proceed as if "the equitable action in foreclosure is synonymous with enforcing the equitable obligation to pay the note." *Robinson*, 8th Dist. Cuyahoga No. 105067 at ¶ 7. "Had the drafters [of R.C. 1303.16(A)] intended for the six-year statute of limitations to apply to the equitable action on the mortgage, which has been traditionally regarded as a separate and distinct cause of action, the prohibition in division (A) would not have been limited to enforcing the legal obligation to pay a note." *Id.* When the statute of limitations in R.C. 1303.16(A) applies, "the debtor's obligations on the note are not extinguished but instead the remedies for enforcement are limited." *Id.* at ¶ 10. In other words:

> As a matter of law, R.C. 1303.16(A) does not apply to actions to enforce the mortgage lien on the property after the payment on the note becomes unenforceable through the running of the statute of limitations. * * * R.C. 1303.16(A) does not affect the mortgagee's mortgage right created by virtue of the failure to pay the note; the statute only precludes the remedy of a money judgment upon the unsatisfied note.

*Id.* at ¶ 11.

{¶39} Thereafter, the Eighth District maintained its *Walker* and *Robinson* holdings, reiterating its opinion that the ruling in *Holden* applies in both bankruptcy and non-bankruptcy settings so that the running of the note's statute of limitations in R.C. 1303.16(A) does not bar an action on the mortgage. *U.S. Bank Natl. Assn. v. O'Malley*, 2019-Ohio-5340, 150 N.E.3d 532, ¶ 22-23 (8th Dist.).

{¶40} Finally, our district applied the Supreme Court's *Holden* decision and the Eighth District case law to conclude the mortgagee could bring a foreclosure action "regardless of * * * whether the claim on the underlying debt was time-barred." *Rutana v. Koulianos*, 2020-Ohio-6848, 164 N.E.3d 1108, ¶ 42, (7th Dist.) (where the mortgagor argued the action on the underlying debt was barred by the statute of limitations in R.C. 1303.16(G) applicable to contribution claims). We observed: "[The] foreclosure action was an in-rem action to foreclose on the security of the mortgage, not to collect on a debt. * * * The foreclosure action is a separate and distinct action and remedy from collecting on the debt since it is an action to enforce a property interest created by the mortgage." *Id.* We then concluded the mortgage foreclosure action was subject to the eight-year statute of limitations in R.C. 2305.06 and found it had not expired (because the cause of action did not accrue until the date of the mortgagee's demand for maturity where the mortgage had no maturity date). *Id.* at ¶ 49-50.

{¶41} Accordingly, Appellant incorrectly argues the action on the mortgage was barred merely because the action on the note was barred under R.C. 1303.16(A). As the trial court held, the action on the mortgage was subject to the eight-year statute of limitations in R.C. 2305.06(A) rather than the six-year statute of limitations applicable to U.C.C. notes in R.C. 1303.16(A), even if that statute of limitations barred the money action on the note.

Alternative Holding

{¶42} Furthermore, an alternative principle may be applied to uphold on other grounds the trial court's summary judgment for the bank in this case. Although the line of credit was called a "note" in the court filings by the parties and by the trial court, the signed writing evidencing Appellant's debt was entitled "Equity Reserve Agreement" and was specifically described as "an open-end line of credit" with an initial credit line of $20,000 that could be "use[d] to obtain cash advances (Advances) from time to time." The line of credit did not establish a "fixed amount of money" was being borrowed so as to fall within R.C. 1303.16(A). *See* R.C. 1303.03(E)(1) ("note" is "an instrument that is a promise"); (B) ("instrument" means "a negotiable instrument"), (A) ("negotiable instrument" means "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order" along with other requirements). The principal amount borrowed was not ascertainable by viewing

the document; rather, the existence of a debt was contingent on draws from the credit line over time.

**{¶43}** We have ruled a similar line of credit did not meet the definition of a note for purposes of the statute of limitations in R.C. 1303.16(A). *U.S. Bank v. Richardson*, 2022-Ohio-4753, 203 N.E.3d 1290, ¶ 18-21 (7th Dist.), adopting *SMS Financial 30, L.L.C. v. Frederick D. Harris, M.D., Inc.*, 2018-Ohio-2064, 112 N.E.3d 395, ¶ 16-18 (8th Dist.). We concluded the suit was thus "an action on an account where general contract law principles apply" and applied the eight-year statute of limitations in R.C. 2305.06, rather than the six-year statute of limitations in R.C. 1303.16(A), even though the appellate arguments focused on other parts of the trial court's decision. *Id.* at ¶ 21-23 (affirming the trial court's summary judgment for the bank on these other grounds).

**{¶44}** Under this analysis, the eight-year statute of limitations in R.C. 2305.06(A) (for written agreements) rather than the six-year statute of limitations in R.C. 1303.16(A) (for U.C.C. notes) applied to the underlying debt in this case (an open-end revolving line of credit). R.C. 2305.06(A) is the same statute of limitations applicable to the mortgage (as a specialty).

**{¶45}** We note the bank did not appeal from the summary judgment order (which denied the bank's request for summary judgment on the portion of the complaint seeking a personal monetary judgment against Appellant and granted Appellant summary judgment on that particular remedy). Consequently, we do not apply this alternative holding to the summary judgment entered against Appellee on its request for a personal money judgment against Appellant.

**{¶46}** However, this alternative holding shows the inapplicability of R.C. 1303.16(A) and essentially renders moot Appellant's argument about the mortgage being time-barred if the debt contract is time-barred. That is, if both the line of credit and the mortgage were governed by R.C. 2305.06(A), then his argument that a mortgage action is barred if the note action is barred would be irrelevant in this case.

**{¶47}** Regardless, as set forth above, even starting with the parties' theory that the debt is a note subject to the statute of limitations in R.C. 1303.16(A), it does not follow that expiration of that statute per se results in a time-barred mortgage. For all of the foregoing reasons, Appellant's sole assignment of error is overruled.

Case No. 23 MA 0028

### New Argument in Reply Brief

**{¶48}** As mentioned in our Statement of the Case above, one of the alternative arguments in Appellant's motion for summary judgment claimed the March 1999 mortgage (with no stated maturity date) expired in March 2020, which was 21 years after it was executed, citing R.C. 5301.30. The trial court addressed this alternative argument by concluding the cited statute was inapplicable to this scenario in this case because the expiration provision dealt with subsequent land transactions involving bona fide purchasers or mortgagees and did not provide for expiration in favor of the mortgagor. Appellant's reply brief reasserts this alternative argument he raised in the summary judgment filings, claiming the July 2021 suit on the mortgage was time-barred because the mortgage expired in March 2020.

**{¶49}** However, Appellant failed to raise this issue in his initial brief to this court. Each time his brief recited the issue presented on appeal, there was no reference to an argument on the mortgage expiring after 21 years under R.C. 5301.30. As we pointed out in the prior section, the specific issue presented for review on appeal by Appellant was whether a mortgage is time-barred when the note is time-barred. (Apt.Br. 2, 4, 6). Likewise, the argument section of Appellant's brief never addressed the trial court's holding about the inapplicability of R.C. 5301.30 to this foreclosure action against the mortgagor. (Apt.Br. 6-10). Even his statement of the case and his statement of facts failed to mention this mortgage expiration argument when reviewing his summary judgment arguments and the trial court's holdings on his arguments. (Apt.Br. 3, 6).

**{¶50}** [I]t is not permissible to present a new argument in a reply brief, as this would deprive the opposing side of the right to brief the issue in response." *In the Matter of M.L.S.*, 7th Dist. Harrison No. 21 HA 0010, 2022-Ohio-2195, ¶ 36, citing *State v. Jones*, 7th Dist. Mahoning No. 06 MA 109, 2008-Ohio-1541, ¶ 31. Where arguments are not covered in the original appellate brief and are not responsive to the appellee's response brief, we provide the following explanation: "A reply brief is not the place for raising new arguments. Rather, it is merely a forum for replying to appellee's brief. App.R. 16(C). Thus, we typically refuse to address on appeal any issues that are raised for the first time in a reply brief, especially in a non-criminal case." *Spires v. Division of Min. Res. Mgt.*, 7th Dist. Belmont No. 06 BE 54, 2007-Ohio-5038, ¶ 30.

Case No. 23 MA 0028

{¶51} We recognize Appellee's brief responded to the argument raised in Appellant's initial brief by citing a Seventh District case to show that this district applied the Supreme Court's *Holden* case to conclude a foreclosure action could be asserted regardless of whether the underlying debt was time-barred. *Rutana*, 2020-Ohio-6848. Appellant's reply brief cites this case for a different premise (for his new appellate argument about mortgage expiration). However, an appellee's citation to a case addressing a principle set forth in an appellant's brief does not put into play every statement in that case *on other principles* for purposes of a reply brief. In other words, the appellee's citation to a case for the point raised in an appellant's brief does not cure the appellant's failure to brief a distinct alternative holding made by the trial court.

{¶52} We acknowledge Appellant's reply brief properly contains a section addressing arguments from Appellee's response brief on the application of the statute of limitations in R.C. 2305.06. For instance, Appellant's reply urges the string of decisions "misinterpreting" *Holden* should not be followed. However, the reply brief's mortgage expiration argument under R.C. 5301.30 is not properly before this court due to Appellant's failure to raise it in his initial brief. Otherwise, Appellee would be deprived of the required opportunity to address each appellate argument.

{¶53} In any event, we briefly observe why Appellant's argument under R.C. 5301.03 is without merit. The first two sentences in the relied upon statute provide:

> The record of any mortgage which remains unsatisfied or unreleased of record for more than twenty-one years after the date of the mortgage or twenty-one years after the stated maturity date of the principal sum, if a stated date of maturity is provided in the mortgage, whichever is later, secured as shown in the record of such mortgage, does not give notice to or put on inquiry any person dealing with the land described in such mortgage that such mortgage debt remains unpaid or has been extended or renewed. *As to subsequent bona fide purchasers, mortgagees, and other persons dealing with such land for value, the lien of such mortgage has expired.*

(Emphasis added.) R.C. 5301.30.

{¶54} The statute continues by stating, "The mortgage creditor may at any time refile in the county recorder's office the mortgage or a sworn copy thereof for record,

together with an affidavit stating the amount remaining due thereon and the due date thereof, whether or not such date has been extended." *Id.* Finally, R.C. 5301.30 concludes as follows: "Subject to the rights of bona fide purchasers, mortgagees, and other persons dealing with such land for value, whose rights were acquired or vested between such expiration and refiling, such refiling is constructive notice of such mortgage only for a period of twenty-one years after such refiling, or for twenty-one years after the stated maturity of the debt, whichever is the longer period." *Id.*

**{¶55}** Appellant does not fall into the statutory categories of "subsequent bona fide purchasers, mortgagees, and other persons dealing with the land for value." Rather, Appellant is the mortgag*or*, a party not covered by the expiration clause in R.C. 5301.30 at sentence two. *See* 3/22/99 Mortgage (specifically identifying Appellant as "The undersigned, Amato D. Dapolito 'Mortgagor' unmarried"); *Black's Law Dictionary* (11th Ed.2019) (defining mortgagor as "Someone who mortgages property; the mortgage-debtor, or borrower"; defining mortgagee as "One to whom property is mortgaged; the mortgage creditor, or lender. — Also termed mortgage-holder."). The statute's plain expiration language clearly does not apply to Appellant as the mortgagor. Accordingly, Appellant's argument in his summary judgment motion and reply brief is without merit.

**{¶56}** We also note *Rutana* does not stand for the proposition that a mortgage is no longer owed by the mortgagor after 21 years if there is no re-recording. In the end, the court applied the 8-year statute of limitations in R.C. 2305.06(A) to a 1987 mortgage and found the lawsuit was not time-barred. *Rutana*, 2020-Ohio-6848, 164 N.E.3d 1108 at ¶ 44-50 (after explaining why the trial court's statements about R.C. 5301.30 were not an attempt to restart the 8-year statute of limitations),[2] citing *Continental W. Res. v. Island Dev. Corp.*, 6th Dist. Ottawa No. OT-96-035 (Mar. 21, 1997) (the statute's purpose is to give notice to *subsequent* persons dealing with the land for value of an existing mortgage lien, which otherwise would be deemed expired after 21 years, to allow the mortgagee to re-establish the lien's priority for an additional 21-year period, and to benefit those who acquire property rights between lien expiration and mortgage refiling). Regardless, the

---

[2] To the extent parts of the cited case could be read as suggesting the first sentence in R.C. 5310.30 includes a purpose of providing notice to the mortgagor-debtor of a continuing lien prior to the demand to accelerate and foreclose on the mortgage, Appellant does not address the acceleration letter demanding maturity *sent less than 21 years from the date of the mortgage*. *See Rutana*, 2020-Ohio-6848 (finding the mortgagee "timely demanded maturity" after he refiled the mortgage more than 21 years from the mortgage execution).

Case No. 23 MA 0028

mortgage expiration clause in R.C. 5301.30 does not benefit Appellant as the mortgagor. Under the various reasons expressed herein, the mortgage expiration argument improperly raised in the reply brief fails.

{¶57} For the foregoing reasons, the trial court's judgment of foreclosure against Appellant is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**